UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-05119-DMG (MAR)                                   Date: August 3, 2022

Title:   *Clinton Alford v. Federal Judges et al*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:   (In Chambers) ORDER TO SHOW CAUSE RE:  WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM**

**I.
INTRODUCTION**

On June 29, 2022, Petitioner Clinton Alford ("Petitioner"), proceeding pro se, constructively filed[1] the instant Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") under 28 U.S.C. § 2254.  ECF Docket No. ("Dkt.") 1.  The Court has screened the Petition pursuant to Habeas Rule 4.  This preliminary review revealed defects in the Petition that warrant dismissal.  Accordingly, Petitioner is **ORDERED** to show cause why the Petition should not be dismissed.

**II.
BACKGROUND**

Petitioner describes his claim as follows:

> Federal judges awarded Petitioner Clinton Denel Alford Jr. $800 Million Dollars in Case # 19-0-26817, but Petitioner's attorney Caree Harper, Kristen Jones, State Bar Investigators Sherell Mcfarlane, Investigator Cole Dillon…stole "theft" $800 Million that federal judges in case # 19-0-26817 awarded to [Petitioner] but attorney stole "theft" $800 million, to have a[n] [arbitration] hearing on compensation for $800 million today 6:29-22

Dkt. 1 at 3.

Petitioner appears to reference a federal civil case where he obtained a monetary settlement based on a false arrest.  Id. at 2.  Petitioner also appears to indicate that he either has been, or was about to be, released from custody, though it is unclear whether he was in state or federal custody.  Id. at 1 (responding to the question "When do you expect to be released?" with "Today per

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-05119-DMG (MAR)                                                     Date:  August 3, 2022

Title:   *Clinton Alford v. Federal Judges et al*

settlement conference"). He directs this Court to reference "Case No. 19-026827" throughout his Petition. Id. at 3. Despite a diligent search, the Court could not locate this case.

### III.
### DISCUSSION

**A.   THE COURT APPEARS TO LACK JURISDICTION OVER PETITIONER'S CLAIM**

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution or laws or treaties of the United States. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011). It is not available for errors in the interpretation or application of state law. Id.; Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Furthermore, the "in custody" requirement is jurisdictional, and it is, therefore, the first question the Court must consider. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).

Here, Petitioner cites no constitutional right or federal law in explaining his claim. The most obvious interpretation of Petitioner's claim is that he seeks either a previously awarded settlement or damages based on the commission of a state law tort, such as false arrest or conversion. To the extent Petitioner brings a state law tort claim, Petitioner's claim is not cognizable on federal habeas corpus review. Nelson v. California Dep't of Corr. & Rehab., No. 2:20-CV-05879-JVS (GJS), 2020 WL 8414030, at *4 (C.D. Cal. Dec. 17, 2020), report and recommendation adopted, No. 2:20-CV-05879-JVS (GJS), 2021 WL 706760 (C.D. Cal. Feb. 22, 2021) ("State law tort matters do not serve as any basis for federal habeas relief." (citing Estelle, 502 U.S. at 68)). Furthermore, Petitioner indicates that he either has been, or was about to be, released from custody, which raises another jurisdictional issue.

Ultimately, Petitioner's claim is unclear and the Court cannot discern how it is cognizable on federal habeas review. The Court will not recommend dismissal of the Petition, however, without giving Petitioner an opportunity to explain or amend his Petition.

### IV.
### ORDER

Thus, the Court ORDERS Petitioner to respond **no later than August 19, 2022,** by electing one of the following options:

  1.   File a supplemental statement addressing why the Petition should not be dismissed for lack of jurisdiction; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-05119-DMG (MAR)                                           Date:  August 3, 2022

Title:   *Clinton Alford v. Federal Judges et al*

      2.      Voluntarily dismiss this action without prejudice.  Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court has attached A Notice of Dismissal form.**  However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).

      If Petitioner **fails to respond by August 24, 2022**, the Court may recommend that this action be **dismissed with prejudice** for his failure to comply with the Court's orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).

      **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | eb |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), <br> v. <br><br> Defendant(s). | CASE NUMBER <br><br> **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐  This action is dismissed by the Plaintiff(s) in its entirety.

☐  The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐  The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐  The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐  **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____ .

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
*Date*                            *Signature of Attorney/Party*

*NOTE:  F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*