UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON ALFORD, <br><br> Petitioner, <br><br> v. <br><br> FEDERAL JUDGES ET AL, <br><br> Respondent. | Case No. CV 22-05119-DMG (MAR) <br><br> MEMORANDUM AND ORDER DISMISSING THE ACTION |

**I.**

**INTRODUCTION**

On June 29, 2022, Petitioner Clinton Alford ("Petitioner"), proceeding *pro se*, constructively filed the instant Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") under 28 U.S.C. § 2254. ECF Docket No. ("Dkt.") 1. The Court has screened the Petition pursuant to Habeas Rule 4. This preliminary review revealed defects in the Petition that warrant dismissal. For the reasons set forth below, the action is **DISMISSED** without prejudice.

## II.
## BACKGROUND

Petitioner describes his claim as follows:

> Federal judges awarded Petitioner Clinton Denel Alford Jr. $800 Million Dollars in Case # 19-0-26817, but Petitioner's attorney Caree Harper, Kristen Jones, State Bar Investigators Sherell Mcfarlane, Investigator Cole Dillon…stole "theft" $800 Million that federal judges in case # 19-0-26817 awarded to [Petitioner] but attorney stole "theft" $800 million, to have a[n] [arbitration] hearing on compensation for $800 million today 6:29-22

Dkt. 1 at 3.

Petitioner appears to reference a federal civil case where he obtained a monetary settlement based on a false arrest. Id. at 2. Petitioner also appears to indicate that he either has been, or was about to be, released from custody, though it is unclear whether he was in state or federal custody. Id. at 1 (responding to the question, "When do you expect to be released?" with "Today per settlement conference"). He directs this Court to reference "Case No. 19-026827" throughout his Petition. Id. at 3. Despite a diligent search, the Court could not locate this case.

On August 3, 2022, the Court issued an Order to Show Cause Why this Action Should Not Be Dismissed for Failure to State a Claim ("OSC"). Dkt. 4. On August 22, 2022, Petitioner filed a response. Dkt. 6. Plaintiff's restates his claim but does not correct or explain any of the deficiencies identified in the Court's OSC. Id.

## III.
## STANDARD OF REVIEW

The Court may dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; Rule 1(b), Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not [under section 2254]").

///

2

# IV.

# DISCUSSION

## A. PETITIONER DOES NOT STATE A COGNIZABLE HABEAS CLAIM

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution or laws or treaties of the United States. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011). It is not available for errors in the interpretation or application of state law. Id.; Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Furthermore, the "in custody" requirement is jurisdictional, and it is, therefore, the first question the Court must consider. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).

Here, Petitioner cites no constitutional right or federal law in explaining his claim. The most obvious interpretation of Petitioner's claim is that he seeks either a previously awarded settlement or damages based on the commission of a state law tort, such as false arrest or conversion. To the extent Petitioner brings a state law tort claim, or seeks a judgment obtained in a state action, Petitioner's claim is not cognizable on federal habeas corpus review. Nelson v. California Dep't of Corr. & Rehab., No. 2:20-CV-05879-JVS (GJS), 2020 WL 8414030, at *4 (C.D. Cal. Dec. 17, 2020), report and recommendation adopted, No. 2:20-CV-05879-JVS (GJS), 2021 WL 706760 (C.D. Cal. Feb. 22, 2021) ("State law tort matters do not serve as any basis for federal habeas relief." (citing Estelle, 502 U.S. at 68)).

Furthermore, Petitioner indicates that he either has been, or was about to be, released from custody, and thus it is unclear whether Petitioner satisfies the custodial jurisdiction requirement.

Ultimately, Petitioner's claim is entirely unclear and the Court cannot discern the basis for the claim or how it is cognizable on federal habeas review.

///

///

## V.
## **ORDER**

**IT IS THEREFORE ORDERED THAT** the Petition is **DISMISSED** without prejudice.

DATED:  December 15, 2022

_____
DOLLY M. GEE
United States District Judge

Presented by:

_____
MARGO A. ROCCONI
United States Magistrate Judge

4